Filed 6/10/26  Marriage of J.B. and C.B. CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

| | |
|---|---|
| In re the Marriage of J.B. and C.B. | C104052 |
| J.B.,<br><br>    Respondent,<br><br>v.<br><br>C.B.,<br><br>    Appellant. | (Super. Ct. Nos. FLFL25-00095, FLDV25-00256) |

C.B. (husband) appeals, in propria persona and on the judgment roll, from both a judgment of dissolution and domestic violence restraining order (DVRO).  Finding no error on the face of the record, we affirm.

## BACKGROUND

On April 25, 2025, the family court entered a judgment of dissolution dissolving the marriage of husband and J.B. (wife).  The court found it acquired jurisdiction over husband on February 28, 2025, when he was "served with process."  Notice of entry of judgment was mailed to husband at Mule Creek State Prison that same day.

On May 1, 2025, wife filed an application for a DVRO against husband.  Wife indicated she could receive mail at a particular address in Olivehurst, California, and

1

noted she had a family law case pending with husband in the Yuba County Superior Court.

Wife's DVRO application alleged husband caused her emotional harm by repeatedly trying to contact her and her minor child. Husband found her new address, which she did not want him to have, and was sending mail and calling "at odd hours." Husband made numerous calls to wife's mother on Christmas, disrupting the family's holiday. Husband's conduct, wife alleged, was bringing up "emotional trauma" for her and her minor child.

In response to wife's application, husband argued the Yuba County Superior Court had no jurisdiction to issue the DVRO because wife did not reside in Yuba County. He also argued there had been no "negative contact" with wife, indeed, she was in contact with him often after he was incarcerated. Husband also claimed that he had rights as a stepparent to contact the minor child; his efforts to contact the child should not be grounds for a DVRO. Finally, he argued that he did not find wife's new address, but rather she gave it to him.

To support his arguments, husband attached a copy of the visitor list from Mule Creek State Prison, which listed both wife and her minor child as approved visitors. He attached photos of himself with wife and the minor child, the minor child alone, a picture of wife holding the minor child, and a message written to husband in crayon. He also attached a type-written letter addressed to "whom it may concern" with a type-written signature indicating it was written by wife.

In the attached letter, the author laid out a timeline of events that involved husband and described husband as a wonderful father who had never been abusive.

On May 22, 2025, the family court heard wife's application. Wife appeared in court for the hearing; husband did not. After the hearing, the court issued a no contact

restraining order against husband protecting numerous people, including wife. The restraining order is set to expire on May 22, 2028.

Husband filed a notice of appeal on June 23, 2025; he appeals from the DVRO and the judgment of dissolution.

**DISCUSSION**

A. Applicable Standards of Review

On appeal, we presume the trial court's judgment is correct. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

The party challenging a judgment on appeal bears the burden of providing an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) An appellant must not only present an analysis of the facts and legal authority on each point made but must also support arguments with appropriate citations to the material facts in the record. If he or she fails to do so, the argument is forfeited. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.)

The California Rules of Court provide an appellant with a choice of several types of records upon which to take an appeal. The choices include a reporter's transcript, a clerk's transcript, an agreed statement, and a settled statement. (See California Rules of Court, rules 8.831, 8.832, 8.834, 8.836, 8.837.)[1] Husband proceeded in this appeal with only a clerk's transcript. Without a reporter's transcript, we must treat this as an appeal "on the judgment roll." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; see *id*. at pp. 1082-1083; accord, *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.)

---

[1]     Further undesignated rule references are to the California Rules of Court.

Therefore, we " 'must conclusively presume that the evidence is ample to sustain the [trial court's] findings.' " (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)

Our review is limited to determining whether any error appears on the face of the record. (Rule 8.830(b); *National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.)

B. Jurisdiction

Husband contends the family court lacked jurisdiction to enter the judgment of dissolution because "neither party resides in the County of Yuba." Family Code section 2320, subdivision (a) provides that "[e]xcept as provided in subdivision (b), a judgment of dissolution of marriage may not be entered unless one of the parties to the marriage has been a resident of this state for six months and of the county in which the proceeding is filed for three months next preceding the filing of the petition." Husband, however, forfeited the issue by failing to move to quash service of summons based on a claim that the statutory residence requirement had not been met. (Rule 5.63(e); see *In re Marriage of Tucker* (1991) 226 Cal.App.3d 1249, 1256-1257.)

Husband also contends the family court lacked jurisdiction to issue a DVRO because neither husband nor wife lived in Yuba County and none of the acts alleged occurred in Yuba County. Family Code section 6301 provides that "[a]n individual need not be a resident of the state to file a petition for an order under this part. A petition for an order under this part may be filed in any superior court in this state, consistent with Section 410.10 of the Code of Civil Procedure, *which may include, but is not limited to*: [¶] (1) The county in which the petitioner resides or is temporarily located. [¶] (2) The county in which the defendant resides. [¶] (3) The county in which the offense occurred. [¶] (4) Any other court that may have jurisdiction over the parties or the subject matter of the case." (Fam. Code, § 6301, subd. (a), italics added.)

4

California Code of Civil Procedure section 410.10 provides that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

Husband's contention addresses only three of the bases by which the family court might have jurisdiction to issue a DVRO against him.  There are a myriad of other ways to obtain jurisdiction and, with the limited record before us, we " 'must conclusively presume that the evidence is ample to sustain the [trial court's] findings.' " (*Ehrler v. Ehrler, supra*, 126 Cal.App.3d at p. 154.)

## C.  Insufficient Evidence

Finally, husband asserts insufficient evidence supports the DVRO.  Generally, we review the issuance of a DVRO for abuse of discretion (*J.J. v. M.F.* (2014) 223 Cal.App.4th 968, 975) and the factual findings supporting the order for substantial evidence (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822).  As previously noted, this is a judgment roll appeal and we " 'must conclusively presume that the evidence is ample to sustain the [trial court's] findings.' " (*Ehrler v. Ehrler, supra*, 126 Cal.App.3d at p. 154.)  Our review is limited to determining whether any error appears on the face of the record.  (Rule 8.830(b); *National Secretarial Service, Inc. v. Froehlich, supra*, 210 Cal.App.3d at p. 521.)  The record before us does not disclose such an error.

## DISPOSITION

The judgment and DVRO are affirmed.  No costs are awarded to respondent as she has not filed a brief in this appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

/s/
_____
EARL, P. J.

We concur:

/s/
_____
ROBIE, J.

/s/
_____
MAURO, J.

6